UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

SARAH ODAWARE WHITE       CIVIL ACTION NO. 3:11-cv-0671
      LA. DOC #319932
VS.       SECTION P

      JUDGE ROBERT G. JAMES

GOV. BOBBY JINDAL       MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Sarah Odaware White, proceeding *in forma pauperis*, filed the instant civil rights complaint on April 23, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. She is incarcerated at the Louisiana Correctional Institute for Women (LCIW), St. Gabriel, Louisiana. Her initial complaint alleged various violations of her civil rights occurring at the LCIW and at the Tallulah Transit Center for Women (TTCW) where she was incarcerated for a brief period of time before she was transferred to her present place of confinement. She sued Governor Bobby Jindal, Mrs. Laja, a "volunteer" at TTCW, Madison Parish Sheriff Cox, Mrs. Williams, Warden Russell, Mrs. Seal, Mrs. Jones, and Lt./Sgt. Jones praying for the return of money that was embezzled from Tallulah and compensation for cruel and unusual punishment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. On June 16, 2003 she pled guilty to felony theft and flight from an officer in

Louisiana's Twenty-Second Judicial District Court, St. Tammany Parish. On September 17, 2003, she was adjudicated a multiple offender and sentenced to serve 10 years without benefit of parole. *See White v. Warden*, No. 2:09-cv-6362 (E.D.La.).

In May 2005 she was incarcerated at the Richland Parish Detention Center, Rayville, Louisiana. She filed a civil rights complaint alleging that she received inadequate medical attention during her confinement at that prison.  During the course of that litigation, in a letter dated April 15, 2006, she advised the court that she had been transferred from the prison in Rayville to a prison in Plain Dealing, Louisiana, and then finally to her present place of confinement, the LCIW in St. Gabriel. *White v.  Galloway*, No. 3:05-cv-1287at Doc. 15.  That suit was ultimately dismissed pursuant to F.R.C.P. Rule 41(b). [*Id*. at Docs. 10 and 14]

On January 24, 2008, while incarcerated at LCIW,  she filed two civil rights complaints alleging that her life was threatened by the director of Prison Enterprise at LCIW.  In March 2008 these complaints were transferred to the United States District Court for the Middle District of Louisiana since the defendants and the alleged acts complained of occurred in that Court's jurisdiction. *White v. Langley*, No. 5:08-cv-0140 and *White v. Prison Enterprises*, No. 5:08-cv-0141.

On September 9, 2009, she filed a petition for *habeas corpus* (28 U.S.C. §2254) in this court attacking her conviction in St. Tammany Parish.  When she filed this complaint she was incarcerated at the TTCW in Tallulah. On September 11, 2009, the petition was transferred to the United States District Court for the Eastern District of Louisiana since petitioner's conviction occurred in St. Tammany Parish which is located in the Eastern District.  *White v. Warden*, No. 6:09-cv-1595.  Upon transfer to the United States District Court for the Eastern District of Louisiana, the case was assigned that court's docket number 2:09-cv-6362.  While that suit was pending, plaintiff advised the court in a letter dated December 14, 2009, and received and filed on December 16, 2009, that she

2

had been transferred from TTCW to LCIW in St. Gabriel. See 2:09-cv-6362 (E.D.La) at Doc. 14.

On May 9, 2011, she filed another civil rights complaint in this court and complained about conditions of confinement at LCIW; she sued Connie Moore, Asst. Warden Thomas, and Warden Rogers at LCIW and she prayed for  a transfer from the LCIW to the "Max Max Bossier, Inst." On June 7, 2011, her case was transferred to the Middle District. *White v. Moore*, No. 5:11-cv-0748.

On July 22, 2011, she filed another civil rights complaint against Ms. Moore and Warden Thomas. Again, she prayed for a transfer to another prison. *White v. Moore*, No. 6:11-cv-1379. That suit is pending initial review, but will probably be transferred to the Middle District since the events complained of occurred at LCIW and the defendants apparently reside in or can be found in  St. Gabriel, Louisiana.

As previously noted, she filed the instant suit on April 25, 2011.  She claimed – (1) "The sewer is busted here at St. Gabriel; it cannot be fixed..."; (2) "I was placed on M.H.O. because I was following procedure of A.R.P...."; (3) "... I was subjected to Ms. Laja's abuse in opening up Tallulah Transit for Women, I have under went [sic] massive, bizarre, episodes because Mrs. Laja said I was a chosen one..."; (4) "My complaint is sewer, kitchen ceiling falling in over food, mold in walls, improper medical by Dr. Shaw..."; (5) "The eye doctor said to me three years ago ... we will give [glasses] to you a little stronger so you can save $3.00..."; (6) "... sentencing case of 10 years illegal..."; (7) "... St. Gabriel is a fine run prison yet our leaders are subjected to law suits due to Bobby Jindal and Kathleen Blanco..."; (8) "... also ... Sheriff Cox, M.O. stolen, post master stole..."

She identified the following defendants – (1) Governor Bobby Jindal; (2) Mrs. Laja (unemployed volunteer); (3) Madison Parish Sheriff Cox ; (4) c/o Mrs. Williams, Mr. Russell

(Warden), Mrs. Seal, Mrs. Jones, Lt./Sgt. Jones.[1]

She articulated her prayer for relief as follows, "I want our money back that was embezzled from Tallulah and I want to be compensated for all cruel and unusual punishment for trying to get help from Blanco and Bobby Jindal."

### Law and Analysis

#### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950,  173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

---

[1] It is unclear whether these defendants are associated with LCIW or TTCW.

provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint, while difficult to decipher, presents sufficient facts to warrant its immediate dismissal. In addition, plaintiff's prior history of litigation in this court and in the United States Courts for the Eastern and Middle Districts of Louisiana suggest that an order directing further amendment of the pleadings would serve no useful purpose.

### 2. Venue – Claims Concerning Conditions of Confinement at LCIW

Plaintiff's complaint alleges claims that arose during her incarceration at two different prisons. She is presently incarcerated at LCIW and, with regard to that institution she complains about (1) the broken and irreparable sewage system at that facility; (2) retaliation for submitting Administrative Remedies Procedure grievances; (3) problems with the kitchen ceiling, including mold, and (4) improper medical care.  It appears that plaintiff faults Governor Jindal and various LCIW corrections officials for these problems.

As plaintiff is now aware, Section 1983 does not contain a venue provision; thus, venue is

5

determined under the general venue provisions set forth in Title 28 U.S.C. § 1391.  When, as here, a civil action is not premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district <u>where any defendant resides</u>, (2) a judicial district <u>in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or (3) a judicial district <u>in which any defendant may be found</u>, if there is no district in which the action may otherwise be brought. 28 U.S.C. §1391(b).

To the extent that plaintiff complains about conditions of confinement at LCIW, her claims must be filed in the United States District Court for the Middle District of Louisiana.  As shown above, plaintiff has previously filed complaints concerning her present place of confinement in this Court, and, those complaints were transferred to the Middle District for disposition. In this instance, however, plaintiff has joined complaints about conditions arising at her present place of confinement with complaints concerning conditions and events that occurred while she was confined at the TTCW, a prison located in Madison Parish, which lies within this Court's geographical jurisdiction. Title 28 U.S.C. §1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

This Court cannot transfer the complaint because in addition to the allegations concerning LCIW, the pleading also complains about conditions experienced during her incarceration at TTCW and the Middle District would not be the court of proper venue for those claims.

In addition, plaintiff has complaints concerning the conditions of confinement at LCIW currently pending in the Middle District and there is no reason why she could not have joined her current claims with those pending claims. In short,  the interests of justice do not mandate transfer of this complaint or any portion of it; therefore, dismissal of the complaint, insofar as it alleges fault

arising during plaintiff's confinement at LCIW is appropriate.

### 3. Limitations – Claims Arising During Plaintiff's Confinement at TTCW

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte. See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claims concerning conditions and events that occurred during her imprisonment at TTCW ("... I was subjected to Ms. Laja's abuse in opening up Tallulah Transit for Women, I have under went [sic] massive, bizarre, episodes because Mrs. Laja said I was a chosen one..."; "[t]he eye doctor said to me three years ago ... we will give [glasses] to you a little stronger so you can save $3.00..."; "... also ... Sheriff Cox, M.O. stolen, post master stole...") must have accrued prior to her

transfer to her current place of confinement.  In her prior *habeas corpus* action which was filed in this court and then transferred to the Eastern District of Louisiana plaintiff advised the court in a letter dated December 14, 2009, and received and filed on December 16, 2009, that she had been transferred from TTCW to LCIW in St. Gabriel. *See White v. Warden*, 2:09-cv-6362 (E.D.La) at Doc. 14.  Her complaints concerning TTCW therefore must have accrued prior to her transfer, or no later than December 14, 2009.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Plaintiff therefore had 1-year, or until December 14, 2010, to file a civil rights complaint concerning conditions and circumstances which arose during her imprisonment at TTCW.  Plaintiff's complaint was filed in April 25, 2011, clearly beyond the 1-year period of limitations and therefore, is subject to being dismissed as frivolous.

### 4. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998).  However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law does not justify equitable tolling. *See  Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. See *Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness);  *Smith v. Johnson*, 247 F.3d 240,

2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights")

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

As previously noted, plaintiff has filed numerous civil actions since her imprisonment and nothing suggests that she was prevented from identifying and litigating those claims that arose during her incarceration at TTCW in a timely manner.

### 5. *Heck v. Humphrey Considerations*

In addition to her complaints concerning conditions of confinement at LCIW and TTCW, plaintiff contends that her 10-year sentence is unlawful. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined,  "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."  A claim for damages bearing that

relationship to a conviction or sentence that has not been so invalidated is not cognizable under

§1983. *Heck*, 512 U.S. at  487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on

§1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are

"still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions

are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies

to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his

conviction or confinement ...")

Plaintiff does not contend, nor does the record suggest,  that her convictions and adjudication

as a multiple offender have been reversed, expunged, or declared invalid.  Plaintiff contends that she

is serving an unlawful sentence.  If the court were to grant her damages  under the facts of this case,

such ruling would necessarily implicate the validity of the state court's conviction, adjudication, and

sentence.

Accordingly, under *Heck*, plaintiff must demonstrate that her convictions, adjudication, and

sentence have been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See*

*Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  Plaintiff cannot make such a showing.

Consequently, her claim for monetary damages is "legally frivolous" within the meaning of 28

U.S.C. §1915. *Hamilton*, 74 F.3d at 102-103.

### *Orders and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint (42 U.S.C. §1983) be

**DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may

be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

10

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Monroe, Louisiana, August 22, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE